# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GREG HANEY, AS SELLERS' REPRESENTATIVE OF CARDLAB, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. N16C-03-231 EMD CCLD |
| BLACKHAWK NETWORK HOLDINGS, INC., | ) ) ) ) | |
| Defendant. | ) ) | |

## ORDER TRANSFERRING MATTER TO COURT OF CHANCERY

Submitted: November 21, 2016
Decided: February 8, 2017

*Upon Defendant Blackhawk Network Holdings, Inc.'s
Motion to Dismiss for Improper Venue*

Arthur L. Dent, Esquire, Jaclyn C. Levy, Esquire, Jesse L. Noa, Esquire, Potter Anderson & Corroon LLP, Charles L. "Chip" Babcock, Esquire, and Lisa A. Powell, Esquire, Jackson Walker, L.L.P., Houston, Texas. *Attorneys for Greg Haney, as Sellers' Representative of Cardlab, Inc.*

Jon E. Abramczyk, Esquire, D. McKinley Measley, Esquire, Zi-Xiang Shen, Esquire, Morris, Nichols, Arsht & Tunnell LLP, Bryan J. Wick, Esquire, and J. Sean Lemoine, Wick Phillips Gould & Martin, LLP, Dallas, Texas. *Attorneys for Blackhawk Network Holdings, Inc.*

**DAVIS, J.**

This declaratory judgement action regarding a purported breach of contract action is assigned to the Complex Commercial Litigation Division of the Court. Plaintiff Greg Haney, as sellers' representative of Cardlab, Inc., brings this action against Defendant Blackhawk Network Holdings, Inc. ("Blackhawk"). Mr. Haney seeks $1.75 million from the parties' Escrow Account. Mr. Haney alleges he is owed the payment because Blackhawk failed to request payment by the parties' agreed-upon deadline. Blackhawk moved to dismiss this action for improper venue. Blackhawk contends the parties' Merger Agreement and Escrow Agreement

contain forum selection clauses requiring that any suit, no matter the relief sought, had to be filed in the Court of Chancery.

## I. INTRODUCTION

### A.    FACTUAL BACKGROUND[1]

On August 27, 2014, Cardlab, Blackhawk, and non-party BH Lab Merger Corp., a Blackhawk subsidiary, entered into a Merger Agreement.[2] Cardlab and BH Lab Merger Corp. merged, with Cardlab as the surviving entity.[3] The same day, Cardlab, Blackhawk, and Wells Fargo & Company entered into an Escrow Agreement, with Wells Fargo acting as the Escrow Agent.[4] Blackhawk placed $1.75 million into the escrow account.[5] The Escrow Agent had to distribute all remaining escrow funds to Mr. Haney eighteen months after the Agreements were signed.[6] Mr. Haney was not entitled to the Escrow Funds if, and only if, Blackhawk delivered a payment request prior to the 18-month expiration date.[7]

Blackhawk made its first payment request on February 29, 2016.[8] Mr. Haney responded on March 7, 2016, objecting to Blackhawk's request as untimely.[9] On March 11, 2016, the Escrow Agent advised the parties it was withholding funds pursuant to Section 3.5 of the Escrow Agreement.[10] Blackhawk made a second payment request on March 31, 2016.[11]

---

[1] Unless otherwise indicated, the following are the Relevant Facts as alleged in the Amended Complaint for Declaratory Relief ("Amended Complaint" or "Pl.'s Am. Compl."). For purposes of the Blackhawk's motion, the Court must view all well-pleaded facts alleged in the Amended Complaint as true and in a light most favorable to Mr. Haney. *See, e.g., Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 536 (Del. 2011); *Doe v. Cedars Acad., LLC*, C.A. No. 09C-09-136 JRS, 2010 WL 5825343, at *3 (Del. Super. Oct. 27, 2010).
[2] Pl.'s Am. Compl. Ex. D
[3] *Id.* ¶ 10.
[4] *Id.* Ex. A.
[5] *Id.* ¶ 14.
[6] *Id.* ¶ 15.
[7] *Id.*
[8] *Id.* at ¶ 4. *See also id.* Ex B.
[9] *Id.* Ex. C. at 1–2 ("The Indemnification Expiration Period expired at midnight on February 26, 2016, which was eighteen months after August 27, 2014, the date of the Escrow Agreement.").
[10] *Id.* ¶ 6. *See also id.* Ex. A. at Section 3.5 ("If any conflict, disagreement or dispute arises between, among, or involving any of the parties hereto concerning the meaning or validity of any provision hereunder or concerning any

2

**B. PROCEDURAL BACKGROUND**

On March 24, 2016, Mr. Haney filed a declaratory judgment action in this Court.[12] He amended it on April 29, 2016, to reflect Blackhawk's March 31, 2016, payment request.[13] The Amended Complaint seeks, among other things, declarations that (i) Blackhawk did not make a timely request for payment from the Escrow Account, and (ii) Mr. Haney is entitled to all funds remaining in the Escrow Account. Mr. Haney wants the escrow funds to fund his current lawsuit against Cardlab.[14]

On May 25, 2016, Blackhawk filed a Motion to Dismiss ("Motion" or "Def.'s Mot.") pursuant to Rule 12(b)(6) of the Superior Court Civil Rules ("Civil Rule 12(b)(6)). On June 22, 2016, Blackhawk filed an amended motion to dismiss under Civil Rule 12(b)(3) and its Defendant Blackhawk Network Holding, Inc.'s Brief in Support of Motion to Dismiss for Improper Venue (the "Opening Brief"). On July 22, 2016, Haney filed Plaintiff's Answering Brief in Opposition to Defendant's Corrected Motion to Dismiss for Improper Venue (the "Opposition" or "Pl.'s Opp."). On August 15, 2016, Blackhawk filed its Defendant Blackhawk Network Holdings, Inc.'s Reply in Support of its Motion to Dismiss for Improper Venue (the "Reply" or "Def.'s Rep."). The Court held a hearing on the Motion, the Opening Brief, the Opposition and the Reply on November 21, 2016. After the hearing, the Court took the Motion under advisement.

---

other matter relating to this Agreement, or the Escrow Agent is in doubt as to the action to be taken hereunder, the Escrow Agent may, at its option, retain the Escrow Property until the Escrow Agent (i) a Final Order directing delivery of the Escrow Property, (ii) receives a written agreement executed by each of the parties involved in such a disagreement or dispute directing delivery of the Escrow Property, in which event the Escrow Agent shall be authorized to disburse the Escrow Property in accordance with such Final Order or agreement[.]").

[11] *Id.* at ¶ 17. *See also id.* Ex. D.
[12] Pl.'s Opp. at 3.
[13] *Id.*
[14] *Id.* at ¶ 8, n. 7 (*Greg Haney, as Sellers' Representative of Cardlab, Inc. v. Blackhawk Network Holdings, Inc.,* C.A. No. 10851-VCN).

After hearing oral argument, and considering the Motion and Opening Brief, the Opposition, and the Reply, the Court will **DENY** the Motion to the extent it seeks outright dismissal of this civil action. The Court will **TRANSFER** this civil action to the Chancery Court pursuant to 10 *Del. C.* § 1902.

## II. APPLICABLE STANDARDS OF REVIEW

Upon a motion to dismiss under Civil Rule 12(b)(6), the Court (i) accepts all well-pleaded factual allegations as true, (ii) accepts even vague allegations as well-pleaded if they give the opposing party notice of the claim, (iii) draws all reasonable inferences in favor of the non-moving party, and (iv) only dismisses a case where the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[15] However, the Court must "ignore conclusory allegations that lack specific supporting factual allegations."[16]

Superior Court Civil Rule 12(b)(3) governs a motion to dismiss or stay on the basis of improper venue. The Court should give effect to private agreements' terms to resolve disputes in a contractually-designated judicial forum, out of respect for the parties' contractual designation.[17] The Court can grant dismissal prior to discovery, on the basis of affidavits and documentary evidence, if the plaintiff cannot make out a *prima facie* case in support of its position.[18] The Court generally will allow the plaintiff to take discovery when the plaintiff advances a non-frivolous legal argument that would defeat the motion if the facts turn out to be as alleged.[19]

---

[15] *Central Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 227 A.3d 531, 536 (Del. 2011); *Doe v. Cedars Academy*, 2010 WL 5825343, at *3 (Del.Super. Oct. 27, 2010).
[16] *Ramunno v. Crawley*, 705 A.2d 1029, 1034 (Del. 1998).
[17] *Loveman v. Nusmile, Inc.*, 2009 WL 847655, at *2 (Del. Super. Mar. 31, 2009).
[18] *Id.* (citing *Simon v. Navellier Series Fund*, 2000 WL 1597890, at *4 (Del. Ch.)).
[19] *HealthTrio, Inc. v. Margules*, 2007 WL 544156, at *2 (Del. Super.) (citing *Simon*, 2000 WL 1597890, at *4).

4

## III. PARTIES' CONTENTIONS

Blackhawk contends the parties' two agreements, read together, mandate Chancery jurisdiction. Further, Blackhawk contends transferring this case to Court of Chancery promotes efficiency because Haney has already commenced a case against Blackhawk there.

Mr. Haney contends that the forum selection clause is facially invalid. Mr. Haney argues that the Court has jurisdiction because the Amended Complaint is not seeking equitable relief. Mr. Haney also contends that litigating the escrow dispute here does not create piecemeal litigation. Mr. Haney's also claims that Blackhawk waived its right to challenge venue by failing to include it in its first Motion to Dismiss, moving, instead, to dismiss pursuant to Civil Rule 12(b)(6), not Civil Rule 12(b)(3).[20]

## IV. DISCUSSION

### A. PARTIES CANNOT CONTRACT FOR EXCLUSIVE COURT OF CHANCERY JURISDICTION

The Court should give effect to private agreements' terms to resolve disputes in a contractually-designated judicial forum, out of respect for the parties' contractual designation.[21] The Agreement's forum selection clause states:

> This Agreement shall be governed by and construed in accordance with the internal laws of the State of Delaware, regardless of the laws that might otherwise govern under applicable principles of conflicts of law thereof. Each party irrevocably submits to the exclusive jurisdiction of the Delaware Chancery Court for the purposes of any suit, action or other proceeding arising out of this Agreement, any of the other Transaction Documents or any of the Contemplated Transactions. Each Party agrees to commence any action, suit or proceeding relating there in the Delaware Chancery Court. Each party further agrees that service of any process, summons, notice or document by registered mail to such Party's respective address set forth in Section 11.5 above shall be effective service of process. Each Party irrevocably and unconditionally waives any objection to

---

[20] The Court questioned Blackhawk's counsel on why relief was initially sought under Civil Rule 12(b)(6) and not Civil Rule 12(b)(3). The Court is comfortable that Blackhawk made a mistake, subject to excusable neglect, regarding whether Civil Rule 12(b)(6) or Civil Rule 12(b)(3) should govern, and that counsel may have followed procedures generally practiced in the Court of Chancery as opposed to this Court.

[21] *Loveman*, 2009 WL 847655, at *2.

the laying of venue of any action, suit or proceeding arising out of this Agreement, the other Transaction Documents and the Contemplated Transactions in the Delaware Chancery Court, and hereby further irrevocably and unconditionally waives and shall not assert by way of motion, defense, or otherwise, in any such Proceeding, any claim that it is not subject personally to the jurisdiction of the above named courts, that its property is exempt or immune from attachment or execution, that the Proceeding is brought in an inconvenient forum, that the venue of the Proceeding is improper, or that the Agreement or any other Transaction Documents or the Merger may not be enforced in or by any of the above named courts.[22]

Neither parties nor the Court of Chancery can confer equity jurisdiction where it is unavailable.[23] Mr. Haney's claim must be equitable in nature, and he must not have a valid remedy at law, in order for the Court of Chancery to retain jurisdiction. To the extent the parties waived Superior Court jurisdiction, the Court finds the Forum Selection Clauses invalid.[24] Whether Mr. Haney's claim can be pursued in the Court of Chancery depends solely on whether that Court has subject matter jurisdiction.

## B. COURT OF CHANCERY HAS SUBJECT MATTER JURISDICTION

Blackhawk argues that Mr. Haney's Amended Complaint falls squarely within equitable jurisdiction: it is a claim involving fiduciary relations and a claim for specific performance (*i.e.,* release the escrow funds).[25] Mr. Haney claims his declaratory judgment action is proper here because he is not seeking equitable relief. The Amended Complaint "seek[s] this Court declare that Blackhawk failed to make a timely payment request under the terms of the Escrow Agreement and that Haney is entitled to a distribution of the Base Escrow Amount."[26] Further, Mr. Haney is "not seeking specific performance because Haney is confident that the Escrow

---

[22] Pl.'s Am. Compl., Ex. E (Merger Agreement § 11.6(a)).
[23] *El Paso Natural Gas Co. v. TransAmerican Natural Gas Corp.,* 669 A.2d 36, 39 (Del. 1995).
[24] *See id.* at 38 (finding a forum selection clause that stated "All actions to enforce or seek damages, specific performance or other remedy for the alleged breach of this agreement or the operative agreements shall be brought in the Chancery Court of the State of Delaware" to be facially invalid because private agreements cannot create exclusive Chancery jurisdiction if Chancery would not have subject matter jurisdiction).
[25] *See, e.g., Bird v. Lida, Inc.,* 681 A.2d 399, 402 (Del. Ch. 1996).
[26] Pl.'s Opp. at 18.

Agent will respect a determination by this Court as to Blackhawk's failure to comply with the terms of the Escrow Agreement, whether or not it is ordered to do so."[27]

The Court of Chancery has subject matter jurisdiction in three ways: (1) one or more claim for relief is equitable in character; (2) the plaintiff requests relief that is equitable in nature; or (3) subject matter jurisdiction is conferred by statute.[28] In deciding whether or not equitable jurisdiction exists, the Court must look beyond the remedies nominally being sought, and focus upon the allegations of the complaint in light of what the plaintiff really seeks to gain by bringing his or her claim.[29]

Blackhawk cites to *East Balt LLC v. East Balt US LLC.*[30] *East Balt* involves facts inverse to the facts of this civil action. In *East Balt,* a plaintiff filed a suit in the Court of Chancery seeking an order compelling an escrow agent to release contested escrow funds.[31] Defendant objected to the release, and moved to dismiss plaintiff's claim, arguing the Court of Chancery lacked subject matter jurisdiction.[32] Defendant argued that money damages would be practical and make plaintiff whole.[33] Defendant argued specific performance was unnecessary to satisfy plaintiff.[34] Further, defendant argued that this Court could grant declaratory relief regarding rights under a contract, and could thus establish entitlements to the escrow amount.[35]

The Court of Chancery denied Defendant's Motion to Dismiss.[36] The Court of Chancery held that it was capable of providing a more "certain, prompt, complete, and efficient" remedy

---

[27] *Id.* at 18–19.
[28] *Candlewood Timber Grp., LLC v. Pan Am. Energy, LLC*, 859 A.2d 989, 997 (Del. 2004).
[29] *Id.*
[30] 2015 WL 3473384 (Del. Ch. May 28, 2015).
[31] *Id.* at *3.
[32] *Id.*
[33] *Id.*
[34] *Id.*
[35] *Id.*
[36] *Id.*

than the Superior Court.[37] The Court of Chancery cited an oral ruling in *SecNet Holding, LLC v. Potash.* In *SecNet,* the plaintiff sought an order compelling a non-party escrow agent to release funds from an escrow account.[38] The *SecNet* Court concluded that even if the plaintiff could obtain a judgment for damages in a law court, it was unclear how the plaintiff could enforce its judgment. "Recourse would fall [back to Chancery] to enforce the judgment."[39] Therefore, there was no adequate remedy at law.[40]

The situation here is similar. The Amended Complaint seeks, in essence, specific performance. Mr. Haney wants the Court to issue declarations as to the rights of Mr. Haney and Blackhawk regarding the Escrow Account's remaining funds. If the Escrow Agent does not act once the Court makes its declarations, Mr. Haney would need another order forcing the Escrow Agent to disburse disputed escrow funds.

Mr. Haney contends that Wells Fargo will comply with the Court's Orders. This may or may not be true. Wells Fargo is not a party to this civil action. Wells Fargo may want to assert various defenses or claims as to the Escrow Account. Because Wells Fargo is not a party, this Court would then have to have those defenses or claims fully litigated unless issue or claim preclusion applied. Moreover, if Mr. Haney then wants on order requiring Wells Fargo to act in its role as Escrow Agent, Mr. Haney would need to go to the Court of Chancery for specific performance or an affirmative injunction.

---

[37] *Id.* (citing *SecNet Holding, LLC v. Potash,* C.A. No. 7781-VCP, at 34 (Del. Ch. Apr. 2, 2013) (TRANSCRIPT)).
[38] *SecNet,* at 33.
[39] *Id.* at 33–34.
[40] *Id.*

## C. TRANSFERRING TO COURT OF CHANCERY PROMOTES JUDICIAL EFFICIENCY

The parties contracted to litigate in the Court of Chancery, if possible. They currently are.[41] Mr. Haney contends that he filed this matter here to obtain the escrow funds to further his ongoing lawsuit. Mr. Haney argues that this separate lawsuit provides for a more expeditious way to the fund than a supplemental Chancery lawsuit or amending his Chancery claim.

Mr. Haney filed suit in this Court on March 24, 2016,[42] one month after the Court of Chancery issued its decision denying Defendants' motion to dismiss.[43] At the November 21, 2016 hearing, Mr. Haney presented little reason why this matter should not have been advance in the Court of Chancery lawsuit. Even if Mr. Haney's declaratory judgment action constitutes a legal claim, the Court of Chancery can hear it under the Clean-up Doctrine.[44] The Court finds that having the Court of Chancery hear all claims promotes judicial efficiency.

## V. CONCLUSION

For the foregoing reasons, the Court the Court will **DENY** the Motion to the extent the Motion seeks outright dismissal of this civil action. Instead, the Court will **TRANSFER** this civil action to the Chancery Court pursuant to 10 *Del. C.* § 1902. If, for some reason, the Court of Chancery decides to not hear this matter under the Clean-Up Doctrine, Mr. Haney may reopen it here.

**IT IS SO ORDERED.**

Eric M. Davis, Judge

---

[41] *Haney v. Blackhawk Network Holdings, Inc.*, 2016 WL 769595 (Del. Ch. Feb. 26, 2016).

[42] Plaintiff's Complaint for Declaratory Relief (Tr. ID 58768450).

[43] *See Haney*, 2016 WL 769595, at *11.

[44] *Darby Emerging Markets Fund, L.P. v. Ryan*, 2013 WL 6401131, at *6 (Del. Ch. Nov. 27, 2013) ("Once the Court determines that equitable relief is warranted, even if subsequent events moot all equitable causes of action or if the court ultimately determines that equitable relief is not warranted, the court retains the power to decide the legal features of the claim pursuant to the cleanup doctrine.").

9